IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br>vs.<br><br>TROI GRAHAM (5)<br><br>Defendant. | No.1:25-CR-00038-MAC |

**<u>ORDER</u>**

Pending are Defendant, Troi Graham's, *Renewed Motions to Substitute Attorney, Extend Pretrial Motion Deadlines, and Request For Decision Without Oral Argument and Reservation of Rights* filed *pro se*.[1] (Dkt. #196, 198.) The undersigned denies the motions for the following reasons.

I. Motion to Substitute Counsel

Defendant states that she has attempted to communicate with counsel regarding discovery, potential pretrial motions, and the upcoming suppression-motion deadline, and that she has not received an adequate response. She does not identify a conflict of interest, a complete breakdown in communication, or any specific facts showing that counsel has abandoned the defense or is unable to provide constitutionally adequate representation.

"Although an indigent criminal defendant has a right to be represented by counsel, she does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause." *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973). Good cause includes "a complete breakdown in communication or an irreconcilable conflict which leads to an

[1] The motions are duplicative and filed three days apart. Graham previously filed a *Pro Se Motion to Substitute Counsel* (Dkt. #98), which the court denied as premature, subject to reassertion (Dkt. #103).

apparently unjust verdict." *Id.*; *United States v. Hernandez*, 502 F. App'x 363, 367 (5th Cir. 2012). Thus, while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers. *Wheat v. United States*, 486 U.S. 153, 158-59 (1988).

Defendant has not advanced any evidence of "good cause" to grant the request. At most, she expresses dissatisfaction with counsel's communication, which is—standing alone—insufficient to warrant substitution of counsel. Moreover, substitution at this stage would risk delay and disruption of existing pretrial deadlines without sufficient showing that new counsel is necessary to protect Defendant's right to effective assistance of counsel. Accordingly, the undersigned denies her request.

## II. Motion for Continuance

Defendant also requests an extension of pretrial deadlines. That request, however, was filed *pro se* while she is represented by counsel. Defendant's appointed attorney, Mr. Tom Burbank, filed a *Motion for Continuance* (Dkt. #199) the same day. The law is clear that a defendant has the right to represent herself in a criminal trial. *Faretta v. California*, 422 U.S. 806 (1975); 28 U.S.C. § 1654. It is likewise settled law that a defendant has the right to assistance of counsel. *Powell v. Alabama*, 287 U.S. 45 (1932). However, a criminal defendant does not have the right to "hybrid representation"—representation partly by counsel and partly by herself. *United States v. Williams*, 667 F. App'x 489 (5th Cir. 2016); *United States v. Daniels,* 572 F.2d 535, 540 (5th Cir. 1978). So long as she is represented by counsel, the Defendant must appear through counsel and should cease filing papers directly with the clerk.

Accordingly, the undersigned denies Defendant's *pro se* requests (Dkt. #196 and 198). The *Motion for Continuance* (Dkt. #199), filed by counsel, remains pending and will be addressed by the District Court.

SIGNED this 10th day of June, 2026.

Zack Hawthorn
United States Magistrate Judge