FILED
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 0 2 2026

BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:25-CR-38 |
| | § | (Judge Marcia Crone) |
| RILEY GRAHAM | § | |
| a/k/a "David Drake" (1) | § | |
| BROOKE CRAWFORD (2) | § | |
| MARK DAY (3) | § | |
| RIAN GRAHAM (4) | § | |
| TROI GRAHAM (5) | § | |
| KELLEE SIMS (6) | § | |
| RAYSEAN GRAHAM (7) | § | |
| SYLVIA SHANN (8) | § | |

## SECOND SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### General Allegations

At all times relevant to the facts set forth in this indictment:

1. Defendants **Riley Graham,** a/k/a "David Drake," **Brooke Crawford**, **Mark Day**, **Rian Graham**, **Troi Graham**, **Kellee Sims**, **Raysean Graham**, **Sylvia Shann**, and others known and unknown to the Grand Jury conspired to perpetrate schemes that defrauded individual and institutional victims of over $1 million from in and around June 2019 through in or around October 2024.

***The Defendants, Their Entities, and Their Bank Accounts***

2. Defendant **Riley Graham** was an individual residing in the low security correctional facility at the Bureau of Prisons Federal Correctional Complex in Beaumont, Texas. **Riley Graham** used the alias "David Drake" under which he controlled various ficticious business entities including the Mildred Drake Family Trust. The Mildred Drake Family Trust and its subsidiaries were essentially shell companies that the defendants used as vehicles to perpetrate their fraudulent schemes.

3. Defendant **Brooke Crawford** was an individual residing in Houston, Texas. **Crawford** represented herself to be **Riley Graham**'s fiancé and wife. **Crawford** was **Graham**'s principal business associate and functioned as an organizer of the Mildred Drake Family Trust fraud schemes.

4. Defendant **Mark Day** was an individual residing in Aiken, South Carolina. **Day** was a business associate of **Riley Graham** and functioned as a representative and spokesperson for the Mildred Drake Family Trust and its purported subsidiaries.

5. Defendants **Rian Graham** and **Troi Graham** were individuals residing in the Detroit area of Michigan. **Rian Graham** and **Troi Graham** were **Riley Graham**'s daughters who filed fraudulent SBA loan applications using information from the fraudulent enterprise.

6. Defendant **Kellee Sims** was an individual residing in the Atlanta area of Georgia. **Sims** was a friend and business associate of **Riley Graham**. **Sims** responsibilities included management of the Mildred Drake Corporation bank account.

7. Defendant **Raysean Graham** was an individual residing in the Detroit area of Michigan. **Raysean Graham** was **Riley Graham**'s nephew and was involved in the Mildred Drake Family Trust's fraudulent business activities in North Carolina in 2024.

8. Defendant **Sylvia Shann** was an individual residing in the Los Angeles area of California. **Shann** was involved in the Mildred Drake Family Trust's fraudulent business activities in North Carolina during 2024.

9. Between in and around June 2019 and October 2024, the defendants opened and maintained bank accounts relevant to the schemes, including but not limited to the following:

a. On or about April 23, 2019, **Brooke Crawford** opened a Chase Bank account ending in 7220, in the name of Drake Human Resources Company, LLC (Drake Human Resources Company). The same day, **Crawford** opened three Chase Bank accounts in her name, ending in 7212, 7238, and 7253. **Crawford** also maintained Navy Federal Credit Union accounts ending in 2165 and 0979.

b. **Mark Day** maintained a Wells Fargo Bank account ending in 7383, in the name of ABL Consulting, and a Wells Fargo Bank account ending in 3971, in the name of Marusan Company.

c. **Rian Graham** maintained a Wells Fargo Bank account ending in 5843, in the name of Poise Hair Collection. **Graham** also maintained Wells Fargo Bank accounts ending in 0560 and 1243.

d. **Troi Graham** maintained a Fifth Third Bank account ending in 6689, in the name of My Big Sister's House.

e. **Kellee Sims** maintained a JP Morgan Chase Bank account ending in 5088, in the name of the Mildred Drake Corporation. **Sims** also maintained a Navy Federal Credit Union accounts ending in 8487 and 9105.

f. **Raysean Graham** maintained a Navy Federal Credit Union account ending in 4024.

g. **Sylvia Shann** maintained a bank account ending in 0248, in the name of MaxMillions.

***Overview of Defendants' Fraudulent Enterprise***

10. The defendants' fraudulent enterprise employed two basic schemes that they advanced to victims as legitimate business opportunities. One scheme offered individual victims the opportunity to participate as investors in the refinancing of real estate owned by the Mildred Drake Family Trust for a guaranteed return on investment of 100 percent within 90 days. In reality, the Mildred Drake Family Trust was a shell entity, without real estate ownership, and unable to deliver the promised returns. The other scheme involved having the Mildred Drake Family Trust offer to purchase privately owned companies at well above market value, to induce the victim company owners to prematurely relinquish company assets and control to defendants. In reality, the Mildred Drake Family Trust was a shell entity, without property, and unable to purchase the company as promised.

**Count One**

Violation: 18 U.S.C. § 1349
(Conspiracy to Commit Wire Fraud)

11. The General Allegations section of this second superseding indictment is realleged and incorporated by reference as though fully set forth herein.

12. From in or about June 2019, the exact date being unknown to the Grand Jury, through in or about October 2024, the exact date being unknown to the Grand Jury, in the Eastern District of Texas and elsewhere, the defendants, **Riley Graham,** a/k/a "David Drake," **Brooke Crawford**, **Mark Day**, **Rian Graham**, **Troi Graham**, **Kellee Sims**, **Raysean Graham**, **Sylvia Shann**, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire and agree to violate 18 U.S.C. § 1343, wire fraud, that is, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds for the purpose of executing a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

***Purpose of the Conspiracy***

13. It was the general purpose of the conspiracy for the defendants to unlawfully and unjustly enrich themselves by obtaining money from individual and institutional victims by means of materially false and fraudulent pretenses, representations, and promises.

***Manner and Means of the Conspiracy***

14. The manner and means by which this conspiracy was carried out included the following:

a. It was part of the conspiracy that **Riley Graham** would utilize the persona of "David Drake" to promote the Mildred Drake Family Trust as a

legitimate investment opportunity with a vast network of real estate and other holdings in which the victims could invest money.

b. It was part of the conspiracy that **Brooke Crawford** and **Mark Day** would make investment presentations to victims.

c. It was part of the conspiracy that **Brooke Crawford**, **Mark Day**, and others would utilize the Mildred Drake Family Trust to obtain lines of credit from victims by false and fraudulent representations.

d. It was part of the conspiracy that victims would be required to obtain personal loans and credit cards to fund the line of credit.

e. It was part of the conspiracy that victims would wire money to **Brooke Crawford** and the Drake Human Resources Corporation.

f. It was part of the conspiracy that **Riley Graham** and the Mildred Drake Family Trust would utilize brokers and representatives, including **Brooke Crawford** and **Mark Day**, to negotiate the purchase of Carolina's Contracting LLC from J.S. and L.M.

g. It was part of the conspiracy that the Mildred Drake Family Trust would insert **Brooke Crawford** and **Kellee Sims** into the management structure of Carolina's Contracting LLC prior to fulfilling its promises to L.M. and J.S. regarding the purchase of Carolina's Contracting LLC.

h. It was part of the conspiracy that the defendants would induce Carolina's Contracting LLC to wire funds to the Mildred Drake Family Trust and its

representatives and purported subsidiaries, including the Mildred Drake Corporation.

***<u>Overt Acts</u>***

15. In furtherance of the conspiracy and to affect the objects thereof, the defendants and coconspirators performed or caused the following overt acts, among others, in the Eastern District of Texas and elsewhere:

a. In or about April 2019, **Riley Graham**, posing as "David Drake," pitched an investment opportunity to J.P.

b. On or about April 23, 2019, **Brooke Crawford** opened a Chase Bank account ending 7220, in the name of Drake Human Resources Company.

c. In or about June 2019, **Mark Day** and **Brooke Crawford** made an investment presentation at a Pappadeaux's restaurant in Beaumont, Texas.

d. In or about June 2019, **Mark Day** videotaped his investment presentation for J.P. and others.

e. On or about July 24, 2019, at the direction of **Mark Day** and **Brooke Crawford**, G.M. wired $120,000 to Drake Human Resources Company's Chase Bank account ending 7220.

f. On or about August 15, 2019, at the direction of **Mark Day** and **Brooke Crawford**, G.M. wired $10,000 to the Drake Human Resources Company Chase Bank account ending 7220.

g. On or about August 21, 2019, at the direction of **Mark Day** and **Brooke Crawford**, G.M. wired $20,000 to Drake Human Resources Company's Chase Bank account ending 7220.

h. On or about June 19, 2020, **Troi Graham** wired or caused to be wired to the SBA an Economic Injury Disaster Loan Program application that contained fraudulent representations including G.M.'s misappropriated personal identification information.

i. On or about June 26, 2020, **Rian Graham** wired or caused to be wired to the SBA an Economic Injury Disaster Loan Program application that contained fraudulent representations including S.M.'s misappropriated personal identification information.

j. In or about August 2021, **Riley Graham**, acting as "David Drake," engaged in a phone call with G.M. and S.M. during which he assured G.M. and S.M. they would be paid in full.

k. On or about March 10, 2024, Carolina Construction Holding Company, a Mildred Drake Family Trust subsidiary, signed a purchase agreement to purchase Carolina's Contracting LLC for $10,000.000. As part of the deal, Carolina Construction Holding Company agreed to pay $50,000 in earnest money within three days of the execution of the contract, $6,950,000 in cash payable upon closing via wire transfer, and a promissory note for $3,000.000 with 7 percent interest payable one year after the date of

closing. Under the agreement, closing was supposed to occur within 20 days of the signed purchase agreement.

l. On or about March 10, 2024, the Mildred Drake Family Trust directed a "merger" between Carolina's Contracting LLC and D&D Maritime USA, Inc. (D&D). The merger agreement indicated Carolina's Contracting LLC would receive $4 billion in real estate through the merger.

m. On or about March 11, 2024, **Riley Graham**, acting as "David Drake," emailed or caused to be emailed a merger agreement to J.S. and L.M.

n. On or about March 14, 2024, **Riley Graham**, acting as "David Drake," emailed or caused to be emailed a message to J.S. and L.M. about a $20 million capital infusion into Carolina's Contracting LLC, and additional monthly capital infusion for Carolina's Contracting LLC from D&D.

o. On or about March 18, 2024, **Riley Graham**, acting as "David Drake," emailed or caused to be emailed a message to J.S. and L.M. about sending them $5 million that day, $8 million later that week, and $12 million the following week.

p. On or about March 23, 2024, **Riley Graham**, acting as "David Drake," emailed or caused to be emailed a message to **Mark Day** about providing $10 million in real estate to the "ESOP" to pay Carolina's Contracting LLC's account payables.

q. On or about April 13, 2024, **Riley Graham**, acting as "David Drake," emailed or caused to be emailed a memo to J.S. and L.M. regarding the monetization and transfer of $30 billion in gold and diamond mines from the Mildred Drake Family Trust to Carolina's Contracting LLC.

r. On or about April 16, 2024, Carolina's Contracting LLC wired $100,000 to the Mildred Drake Corporation JP Morgan Chase Bank account ending in 5088 that was controlled by **Kellee Sims**.

s. On or about April 17, 2024, **Kellee Sims** wired $35,000 to **Mark Day**'s Wells Fargo Bank account ending in 7383, in the name of ABL Consulting.

t. On or about April 18, 2024, **Mark Day** wired $25,000 to G.M.'s Rave Federal Credit Union account.

u. On or about April 26, 2024, **Brooke Crawford** emailed or caused to be emailed a buy/sell agreement to **Riley Graham**, a/k/a "David Drake."

v. On or about May 1, 2024, Carolina's Contracting LLC wired $289,700 to the Mildred Drake Corporation JP Morgan Chase Bank account ending in 5088 that was controlled by **Kellee Sims**.

w. On or about May 1, 2024, **Kellee Sims** wired $5,055 to **Mark Day**'s Wells Fargo Bank account ending in 7383, in the name of ABL Consulting.

x. On or about May 6, 2024, **Mark Day** wired $5,000 to G.M.'s Rave Federal Credit Union account.

y. On or about May 16, 2024, Carolina's Contracting LLC wired $35,000 to the Mildred Drake Corporation JP Morgan Chase Bank account ending in 5088 that was controlled by **Kellee Sims**.

All in violation of 18 U.S.C. § 1349.

**NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE**
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

As a result of committing the offenses as alleged in this second superseding indictment, defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any and all property, real or personal: used or intended to be used in any manner or part to commit or facilitate the commission of the offense; involved in or traceable to property involved in the offense, including proceeds obtained directly or indirectly from the offense, including:

**Cash Proceeds**

A sum of money equal to $2,057,676.81 in United States currency, and all interest and proceeds traceable thereto, representing the amount of proceeds of the offenses for which the defendants are jointly and severally liable.

**Substitute Assets**

If any property subject to forfeiture, as a result of any act or omission by defendants:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third party;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by defendant.

By virtue of the commission of the felony offenses charged in this Indictment, any and all interest defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1) and 18 U.S.C. § 2323.

A TRUE BILL

GRAND JURY FOREPERSON

JAY R. COMBS
UNITED STATES ATTORNEY

JOHN B. ROSS
Assistant United States Attorney

Date 9/2/2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:25-CR-38 |
| | § | (Judge Marcia Crone) |
| RILEY TROY GRAHAM | § | |
| a/k/a "Robert Drake" (1) | § | |
| BROOKE ASHLEY CRAWFORD (2) | § | |
| MARK VINSON DAY (3) | § | |
| RIAN ANN GRAHAM (4) | § | |
| TROI JEAN GRAHAM (5) | § | |
| KELLEE SHAUNTELL SIMS (6) | § | |
| RAYSEAN OZRO GRAHAM (7) | § | |
| SYLVIA LATRISHA SHANN (8) | § | |

**NOTICE OF PENALTY**

**Count One**

Violation: 18 U.S.C. § 1349

Penalty: Imprisonment of not more than thirty (30) years (because violation affected a financial institution), a fine not to exceed $1,000,000, a fine not to exceed two times the gross gain to the defendant, or a fine not to exceed two times the loss to the victim, or both such imprisonment and fine, and a term of supervised release of not more than five (5) years.

Special Assessment: $ 100.00