IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>TROI GRAHAM (5),<br><br>Defendant. | No. 1:25-CR-38 |

**ORDER**

Pending is Defendant, Troi Graham's, *Pro Se Emergency Motion to Substitute Attorney* (Dkt. #316). Graham seeks relief for what she describes an irreconcilable breakdown in communication with her lawyer and dissatisfaction with counsel's failure to file "critical protective pretrial motions on Defendant's behalf despite express written demands." This is Graham's third request to substitute counsel (*see* Dkts. #196 and #198), and like her prior requests, this motion is also denied.

"The Sixth Amendment guarantees indigent defendants the right to appointed counsel, but it does not promise them the counsel of their choice." *United States v. Quinn*, 826 F. App'x 337, 341 (5th Cir. 2020) (citing *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013)), *cert. denied*, 141 S. Ct. 1434 (2021). And, while a defendant may not be entitled to choose appointed counsel, the Fifth Circuit has explained:

> A defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty. A defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case. A defendant is entitled to an attorney who will consider the defendant's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics. A defendant is entitled to appointment of an attorney with whom he can communicate reasonably, but has no right to an attorney who will docilely do as he is told.

> Every defendant is entitled to the assistance of counsel dedicated to the proposition, and capable of assuring that, the prosecution's case shall be presented in conformity with the Constitution, rules of evidence and all other controlling rules and practices. No defendant has a right to more.

*United States v. Moore*, 706 F.2d 538, 540 (5th Cir. 1983). Graham is advised that she is not entitled to substitute counsel merely because counsel declines to file futile motions or "do as he is told." *Id.*; *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Rather, a defendant seeking substitution of appointed counsel must demonstrate "good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust verdict." *Quinn*, 826 F. App'x at 341–42 (quoting *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973)).

Graham has not demonstrated good cause warranting substitution of counsel. Moreover, given the complexity of this case and the approaching trial setting, substituting counsel at this stage would risk unnecessary delay and disruption of the proceedings. Current counsel is familiar with the voluminous discovery, the procedural history, and the issues relevant to Graham's defense. Under these circumstances, substitution of counsel is not warranted. Accordingly, Graham's motion to substitute counsel is DENIED.

SIGNED this 15th day of October, 2026.

Zack Hawthorn
United States Magistrate Judge