**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:25-CR-38 |
| | § | |
| TROI GRAHAM (5) | § | |

**ORDER**

Pending before the court is Defendant Troi Graham's *pro se* Comprehensive Emergency Motion to District Judge Marcia A. Crone for Substitution of Counsel, Preservation or Suppression, Dismissal for Improper Venue, and Rule 21(b) Transfer (Dkt. 360); Emergency Motion to Suppress Evidence and Memorandum of Law to Preserve Constitutional Defenses (Dkt. #361); and Emergency Notice of Undisputed Bank Record Exculpation and Supplemental Motion to Dismiss Indictment (Dkt. #363). The court denies her motions for the following reasons.

I.

The court construes Defendant's request for substitution of counsel (Dkt. #360) as an objection to United States Magistrate Judge Zack Hawthorn's order (Dkt. #322) denying her motion to substitute appointed counsel (Dkt. #316). Pursuant to Federal Rule of Criminal Procedure 59(a), a district court may modify or set aside a magistrate judge's ruling on a nondispositive pretrial matter only if the ruling is clearly erroneous or contrary to law. *See also* 28 U.S.C. § 636(b)(1)(A). A motion to substitute appointed counsel is a nondispositive pretrial matter subject to this standard of review.

The court finds that Defendant has failed to demonstrate Judge Hawthorn's decision was clearly erroneous or contrary to law. Defendant has not established a conflict of interest, a

complete breakdown in communication, or another circumstance warranting substitution of appointed counsel. The court further finds that Judge Hawthorn properly considered Defendant's complaints and acted within his discretion in declining to appoint substitute counsel and denies Defendant's request to reconsider. Having considered the motion, the magistrate judge's order, and the applicable law, the court overrules the objection.

II.

Also pending are multiple *pro se* motions for emergency relief (Dkts. #360, 361, and 363). Defendant is currently represented by counsel. So long as she is represented by counsel, she must appear through counsel and should cease filing papers directly with the clerk. *United States v. Williams*, 667 F. App'x 489 (5th Cir. 2016); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978) (holding that a criminal defendant does not have the right to "hybrid representation"). Accordingly, the court denies Defendant's remaining *pro se* motions for relief as improper hybrid representation (Dkts. #360, 361, and 363).

III.

For the foregoing reasons, Defendant's *pro se* motions (Dkts. #360, 361, and 363) are DENIED. The magistrate judge's order (Dkt. #322) denying substitution of appointed counsel is AFFIRMED.

SIGNED at Beaumont, Texas, this 9th day of November, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE