IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>TROI GRAHAM (5),<br><br>Defendant. | NO. 1:25-CR-38 |

**REPORT AND RECOMMENDATION**

Pending before the court is Defendant Troi Graham's "Emergency *Pro Se* Notice of Undisputed Michigan Residency, Certified Bank Record Exculpation, and Supplemental Motion to Dismiss for Lack of Venue" (Dkt. #386), seeking dismissal of the Superseding Indictment with prejudice or, alternatively, transfer of her case to the Eastern District of Michigan. Graham contends that the Eastern District of Texas is an improper venue because she resided and conducted her financial activities exclusively in Michigan during the relevant period. The undersigned recommends denying the motion as hybrid for the following reasons.

I.

Defendant remains represented by appointed counsel and has neither requested nor been granted leave to proceed *pro se*. Although Defendant seemingly disclaims any intention to represent herself, she nevertheless attempts to litigate substantive pretrial matters independently of her appointed counsel. *Cf. United States v. Sanders*, 843 F.3d 1050, 1055 (5th Cir. 2016) (holding that the defendant made it clear that he wished to represent himself when he expressed his "desire and wish to exercise his right to defend himself.").

Importantly, Defendant's motion is procedurally improper because she remains represented by counsel and is not permitted to independently file *pro se* pleadings: "A criminal defendant has no constitutional right to hybrid representation, partly by counsel and partly by himself." *United States v. Powdrill*, No. 23-10184, 2025 WL 892555, at *2 (5th Cir. Mar. 24, 2025) (quoting *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996)); *United States v. Risby*, No. 23-11226, 2025 WL 444415, at *1 (5th Cir. Feb. 10, 2025) (holding that "[t]here is no constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel" (quoting *United States v. Long*, 597 F.3d 720, 723-24 (5th Cir. 2010))); *United States v. Lee*, No. 21-50591, 2022 WL 5102002, at *1 (5th Cir. Oct. 4, 2022); *United States v. Agbonifo*, No. 20-20293, 2022 WL 808001, at *5 (5th Cir. Mar. 16, 2022); *United States v. Jones*, 842 F. App'x 878, 884 (5th Cir. 2021); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978).

II.

Accordingly, the undersigned recommends denying Defendant's "Emergency *Pro Se* Notice of Undisputed Michigan Residency, Certified Bank Record Exculpation, and Supplemental Motion to Dismiss for Lack of Venue" (Dkt. #386) as hybrid. *See Powdrill*, 2025 WL 892555, at *2; *United States v. Miller*, 54 F.4th 219, 227 (4th Cir. 2022) (noting that "other circuits agree that a defendant has no right to hybrid representation for written motions"); *Jones*, 842 F. App'x at 883 ("When a defendant is represented by counsel, he or she does not have the right to file pro se motions."); *United States v. Dale*, 618 F. App'x 494, 498 (11th Cir. 2015); *accord United States v. Jimenez*, 744 F. App'x 866, 867 (5th Cir. 2018) (holding defendant's pro se motion was properly ignored by the court "because [defendant] was represented by counsel when it was filed"); *Robinson v. State*, 240 S.W.3d 919, 923 (Tex. Crim. App. 2007) (holding that "[b]ecause the motion for new trial was presented pro se while the appellant was represented by counsel, the trial court

was free to rule on it, or disregard it"). No determination on the merits of those substantive requests is necessary to resolve the present motion, and this recommendation does not preclude appointed counsel from presenting any appropriate motion or objection on Defendant's behalf.

III.

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); E.D. Tex. Crim. R. CR-59(b). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of November, 2026.

Zack Hawthorn
United States Magistrate Judge