**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:25-CR-38-5 |
| | § | |
| TROI GRAHAM | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Troi Graham's ("T. Graham") Motion to Dismiss (#393), Corrected Motion to Dismiss (#413), Corrected Motion to Sever/Venue (#414), and Corrected Motion for a Bill of Particulars (#415). The Government filed a response to T. Graham's Corrected Motion to Dismiss (#479), Corrected Motion to Sever/Venue (#480), and Corrected Motion for a Bill of Particulars (#478). Having considered the motions, the Government's responses, the record, and applicable law, the court is of the opinion that the motion to dismiss (#393) should be denied as moot and the corrected motions (#s 413, 414, 415) should each be denied.

I. <u>Background</u>

On June 4, 2025, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned an Indictment, naming T. Graham and four codefendants.[1] On February 5, 2026, a First Superseding Indictment (#110) was issued, which added three codefendants.[2] On September 2,

[1] The original Indictment charged T. Graham in Count One with Conspiracy to Commit Bank Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, in Counts Two through Six with Bank Fraud, in violation of 18 U.S.C. § 1344, in Counts Seven through Thirteen with Wire Fraud, in violation of 18 U.S.C. § 1343, and in Counts Fourteen and Fifteen with Wire Fraud, in violation of 18 U.S.C. § 1343.

[2] The First Superseding Indictment charged T. Graham in Count One with Conspiracy to Commit Bank Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, and in Counts Fourteen and Fifteen with Wire Fraud, in violation of 18 U.S.C. § 1343.

2026, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a Second Superseding Indictment (#225), which substantially limited the charges against all eight codefendants, including T. Graham, to a single count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. On September 25, 2026, the Government filed an Amended Notice of Penalty (#277) and Bill of Particulars (#278).

On November 9, 2026, Brooke Crawford ("Crawford") filed a Motion to Dismiss Count One of the Second Superseding Indictment as Duplicitous, or, in the Alternative, to Compel Election and for Protective Jury Instructions (#371). On November 11, 2026, Rian Graham ("R. Graham") also filed a Motion to Dismiss Count One as to Her or, Alternatively, for a Bill of Particulars and Protective Instructions, with Notice of Joinder in Docket 371 (#376). On November 13, 2026, T. Graham filed her own Motion to Dismiss Count One of the Second Superseding Indictment and Motion to Sever/Venue Defendant Troi Graham from the Other Defendants in the Second Superseding Indictment for Lack of Nexus to this Defendant, for a Bill of Particulars, as to Defendant Troi Graham's Overt Actions (#393). On November 15, 2026, Kellee Sims ("Sims") filed a Motion to Dismiss Count One for Duplicity; Alternatively, for Election, a Bill of Particulars and Protective Jury Instructions; with Notice of Limited Joinder in Dockets 371 and 376 (#404). On November 16, 2026, T. Graham then filed the pending Corrected Motion to Dismiss (#413), Corrected Motion to Sever/Venue (#414), and Corrected Motion for a Bill of Particulars (#415). On November 20, 2026, the Government filed its Response to Defendant Troi Graham's Motion to Dismiss (#479), Response to Defendant Troi Graham's Motion to Sever (#480), and Response to Defendant Troi Graham's Motion for Bill of

Particulars (#478). Jury Selection and Trial are currently scheduled to begin on November 30, 2026.

II. Analysis

A. One Conspiracy

T. Graham argues that "Count One is duplicitous because it joins in a single count more than one separate and distinct agreement." Similar to Crawford's, R. Graham's, and Sims's Motions to Dismiss, T. Graham identifies three general categories of conduct: (1) the 2019 investment solicitations; (2) the June 2020 Small Business Administration ("SBA") applications; and (3) the 2024 Carolina's Contracting acquisition. T. Graham contends that the act attributed to her is "a separate stand-alone occurrence that is apart from the enterprise the Government has charged."

To determine if there is a single conspiracy, the United States Court of Appeals for the Fifth Circuit considers: "(1) the existence of a common goal; (2) the nature of the scheme; and (3) the overlapping of the participants in the various dealings." *United States v. Shah*, 95 F.4th 328, 361 (5th Cir. 2024) (quoting *United States v. Beacham*, 774 F.3d 267, 273 (5th Cir. 2014)). Regarding the first prong, the Second Superseding Indictment asserts a common goal of personal enrichment "by obtaining money from individual and institutional victims by means of materially false and fraudulent pretenses, representations, and promises." The Fifth Circuit interprets "the 'existence of a common goal' broadly" with "a common pursuit of personal gain" being "sufficient." *Id.* Here, the Second Superseding Indictment sufficiently alleges a common goal of personal gain shared by all the conspirators.

As to the second prong, "if the activities of one aspect of the scheme are necessary or advantageous to the success of another aspect then that supports a finding of a single conspiracy." *Id.* The Government, in its response, highlights that the Mildred Drake Family Trust ("MDFT") is the common scheme from which all the defendants "grifted off" of during the conspiracy. The court finds that the MDFT fraud scheme was advantageous and central to the success of the entire enterprise. The 2019 investment solicitations, 2020 SBA loan applications, and 2024 acquisition all stem from the promotion, maintenance, and masquerade of the MDFT fraud. Specifically, the Second Superseding Indictment alleges that the 2020 SBA applications used "information from the fraudulent enterprise." Other aspects of the scheme, therefore, were also advantageous to the SBA loan aspect. The indictment's reference to a "fraudulent enterprise" does not necessarily detach the 2020 SBA applications from the alleged "enterprise." Thus, there is sufficient interrelatedness across the three identified categories of conduct to support the charge of a single conspiracy.

Finally, the third prong considers the overlap of the participants. *Id.* "[T]here is no requirement that every member must participate in every transaction to find a single conspiracy." *United States v. Quintanilla*, 114 F.4th 453, 467 (5th Cir. 2024). Instead, "[a] single conspiracy exists where a 'key man' is involved in and directs illegal activities, while various combinations of other participants exert individual efforts toward a common goal." *Shah*, 95 F.4th at 362 (alteration in original) (quoting *United States v. Richerson*, 833 F.2d 1147, 1154 (5th Cir. 1987)). The Second Superseding Indictment sets forth how Riley Graham led the conspiracy and directed the actions of Crawford and Mark Day, specifically, for the duration of the enterprise. The Second Superseding Indictment further describes how the remaining co-defendants performed various acts to further the scheme to defraud and leveraged the MDFT fraud. Accordingly, the

participants are sufficiently overlapping to support a single conspiracy. The court, thus, finds that the Second Superseding Indictment, as alleged, charges a single conspiracy and is not duplicitous.

The Government is not required to allege or prove an overt act for a charge under 18 U.S.C. § 1349. *United States v. Hoffman*, 901 F.3d 523, 542 n.10 (5th Cir.) ("[S]ection 1349 conspiracy does not require an overt act." (citing *United States v. Sanjar*, 876 F.3d 725, 737 (5th Cir. 2017))), *as revised* (Aug. 28, 2018). Furthermore, the court finds that the Second Superseding Indictment charges only one conspiracy. Thus, T. Graham's challenge that she "is not mentioned anywhere else [apart from overt act (h)[3]] in the twenty-five (25) overt acts" is immaterial.

Moreover, T. Graham's claim that she was not involved in the 2019 investment solicitations or 2024 acquisition is irrelevant. As the Fifth Circuit has observed:

> "It is not crucial to the existence of a conspiracy that each conspirator participate in every phase of the criminal venture. Nor is it necessary for each conspirator to have knowledge of the identity and role of each of his coconspirators. The unity essential to a conspiracy is derived from the assent of its members to contribute to a common enterprise."

*United States v. Merida*, 765 F.2d 1205, 1218 (5th Cir. 1985) (quoting *United States v. Grassi*, 616 F.2d 1295, 1303 (5th Cir. 1980)); *accord United States v. Lopez*, 582 F. App'x 438, 448 (5th Cir. 2014) ("There is no requirement that every member must participate in every transaction to find a single conspiracy."). Indeed, the fact that "different combinations of conspirators participated in different transactions . . . does not prevent all of the transactions from being part

[3] The Second Superseding Indictment identifies overt act (h) as follows: "On or about June 19, 2020, Troi Graham wired or caused to be wired to the SBA an Economic Injury Disaster Loan Program application that contained fraudulent representations including G.M.'s misappropriated personal identification information."

of the same series of transactions for purposes of joinder." *Merida*, 765 F.2d at 218. The extent of T. Graham's participation, if any, in the alleged conspiracy is a matter for the jury to determine.

Because the court finds that Count One sets forth a single conspiracy, T. Graham's alternative request for jury instructions regarding unanimity is without basis. In any event, a request for jury instructions within a motion to dismiss the indictment is premature.

B. Venue

T. Graham further contends that venue is not proper as to her in the Eastern District of Texas and asks to be severed from her codefendants because "[t]here is no allegation that she did anything in the Eastern District of Texas." Venue in conspiracy cases is proper in any district where the agreement was formed or where an overt act in furtherance of the conspiracy was performed by at least one of the co-conspirators. *United States v. Lee*, 966 F.3d 310, 319 (5th Cir. 2020); *United States v. Kiekow*, 872 F.3d 236, 243 (5th Cir. 2017). Under this rule, "[v]enue may be proper in districts in which conspirators 'have never set foot.'" *United States v. Rodriguez-Lopez*, 756 F.3d 422, 430 (5th Cir. 2014) (quoting *United States v. Winship*, 724 F.2d 1116, 1125 (5th Cir. 1984)); *accord United States v. Romans*, 823 F.3d 299, 310 (5th Cir. 2016) ("[O]ne co-conspirator's travel through a judicial district in furtherance of the crime alleged establishes venue as to all co-conspirators." (quoting *United States v. Garcia Mendoza*, 587 F.3d 682, 687 (5th Cir. 2009))); *United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994). A conspirator may be tried in a venue where her co-conspirators committed acts in furtherance of the conspiracy, "including those acts committed without [her] knowledge before [she] joined the conspiracy." *Rodriguez-Lopez*, 756 F.3d at 430 (quoting *United States v. Marionneaux*, 514 F.2d

1244, 1250 (5th Cir. 1975), *abrogated on other grounds by United States v. Lane*, 474 U.S. 438 (1986)); *see United States v. Jones*, 969 F.3d 192, 197 (5th Cir. 2020) (explaining that it is not necessary "for all co-conspirators to know each other or to work together on every transaction" (quoting *United States v. Chapman*, 851 F.3d 363, 377 (5th Cir. 2017))).

When evaluating a motion to dismiss an indictment, allegations contained in the indictment are taken to be true. *United States v. Thomas*, 724 F.3d 632, 640 (5th Cir. 2013); *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998). At the pretrial motion stage, the allegation that the eight codefendants conspired to commit wire fraud "in the Eastern District of Texas and elsewhere," which is presumed to be true for purposes of T. Graham's motion to dismiss, is sufficient to show venue in this district. *See, e.g.*, *United States v. Roberts*, No. 4:20-CR-314, 2021 WL 3738852, at *2 (E.D. Tex. Aug. 24, 2021) (determining that, where the indictment alleged that the defendant "participated in an illegal conspiracy 'in the Eastern District of Texas and elsewhere,'" the allegation was "sufficient, at the pretrial motion stage, to withstand a venue challenge"); *United States v. Guzman-Meza*, No. 4:17-CR-00198-SDJ-KPJ, 2020 WL 5228580, at *1 (E.D. Tex. Sept. 2, 2020) ("[The defendant was] charged with committing a conspiracy in the Eastern District of Texas, which is sufficient to provide venue in this District for purposes of the Indictment." (citing *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975))); *United States v. Sledziejowski*, No. 3:16-CR-101-B, 2018 WL 1870082, at *2 (N.D. Tex. Feb. 15, 2018) (denying motion to dismiss for improper venue because indictment alleging that the defendant committed securities fraud "in the Northern District of Texas and elsewhere" was sufficient to establish venue in the Northern District of Texas), *adopted by* No. 3:16-CR-101-B, 2018 WL

1840017 (N.D. Tex. Apr. 18, 2018). Accordingly, T. Graham's request for severance and transfer due to improper venue is denied.

C. Bill of Particulars

Finally, T. Graham requests a Bill of Particulars from the Government to answer ten questions.[4] Nonetheless, a bill of particulars "is not a matter of right, and the district court exercises discretion in granting or denying a defendant's motion." *United States v. Davis*, No. H-14-171S-12, 2014 WL 6679199, at *3 (S.D. Tex. Nov. 25, 2014) (citing *United States v. Williams*, 679 F.2d 504, 510 (5th Cir. 1982)). Courts "should only grant a bill of particulars when the information is necessary for the defendant to prepare for trial." *United States v. Quiroz*, No. 421CR00334ALMCAN2, 2022 WL 3223983, at *2 (E.D. Tex. July 15, 2022) (quoting *United States v. Mathis*, No. 4:19-cr-00265, 2020 WL 7409089, at *1 (E.D. Tex. Nov. 3, 2020)), *adopted by* No. 4:21-CR-334, 2022 WL 3223179 (E.D. Tex. Aug. 9, 2022). A bill of particulars

---

[4] T. Graham requests that the court direct the Government to answer the following questions regarding the Second Superseding Indictment in a Bill of Particulars:

1. What agreement the Government contends she made and what she did to make it?
2. If Troi Graham is part of any scheme, either the Mildred Drake Trust scheme or the Carolina's Contracting, LLC scheme.
3. If the Government contends the loan application was between another party or person, they should be identified as to each individual along with date and substance of the agreement.
4. G.M.'s personal identifying information, what was the false or fraudulent representations contained in the application and what money or property was the object of the application?
5. When did Troi Graham obtain G.M.'s information and from whom it was obtained from?
6. Specify that this is the only application Troi Graham is being accused of.
7. What act the Government contends Troi Graham committed in the Eastern District of Texas?
8. What act does the Government contend Troi Graham, or anyone acting with her knowledge and agreement, committed in the Eastern District of Texas?
9. Request the Government identify the overt act in the Eastern District of Texas on which it relies for venue as to Troi Graham.
10. What money and/or property the Government contends Troi Graham obtained, directly or indirectly, as a result of the offense charged.

is not required if a defendant is otherwise provided with sufficient information to enable her to prepare her defense and avoid surprise. *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991); *United States v. Levergne*, 805 F.2d 517, 521 (5th Cir. 1986). Hence, "if the indictment is sufficient, a district court does not abuse its discretion if it denies a motion for a bill of particulars." *Davis*, 2014 WL 6679199, at *3 (citing *United States v. Beebe*, 792 F.2d 1363, 1366 (5th Cir. 1986)). "Generally, the fact that the requested information may be useful to the defendant does not, alone, establish the need for a bill of particulars." *Davis*, 2014 WL 6679199, at *3 (citing *United States v. Strawberry*, 892 F. Supp. 519, 526 (S.D.N.Y. 1995)). Instead, the court "must balance the needs of the defendant against the [G]overnment's right not to disclose its witnesses, evidence[,] or legal theories." *United States v. Shults*, No. 3:14-CR-00298-M, 2018 WL 5023779, at *1 (N.D. Tex. Sept. 18, 2018) (first alteration in original) (quoting *United States v. Campbell*, 710 F. Supp. 641, 642 (N.D. Tex. 1989)).

In this case, the court finds that the details requested by T. Graham are not necessary to inform her of the charge against her, to allow her to prepare a defense, or to permit her to invoke double jeopardy. *See United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978); *Shults*, 2018 WL 5023779, at *1; *United States v. Fatty*, No. CR 17-161, 2018 WL 3708660, at *5 (E.D. La. Aug. 3, 2018). Indeed, the indictment sets forth sufficient information regarding the charged offense such that T. Graham will be able to prepare an adequate defense. The indictment closely tracks the language of the statute at issue. It also appears to be sufficiently detailed to enable T. Graham to challenge any subsequent prosecution based on double jeopardy. Further, the Government has provided extensive discovery, including twelve productions. This information, in addition to T. Graham's personal knowledge of the time period and the circumstances

surrounding the events charged, convince the court that she will not be surprised at trial. *See Shults*, 2018 WL 5023779, at *1; *Campbell*, 710 F. Supp. at 642 (denying the defendant's motion for a bill of particulars where the government's open-file discovery policy left "very little if anything" that the defendant would not obtain through legitimate disclosure devices). Given the information in the Second Superseding Indictment (#225) and the Bill of Particulars (#278), T. Graham's request for a Bill of Particulars is denied.

III. <u>Conclusion</u>

In accordance with the foregoing, T. Graham's Corrected Motion to Dismiss (#413), Corrected Motion to Sever/Venue (#414), and Corrected Motion for a Bill of Particulars (#415) are DENIED. Her Motion to Dismiss (#393) is DENIED as moot.

SIGNED at Beaumont, Texas, this 20th day of November, 2026.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE