**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:25-CR-38 |
| | § | |
| BROOKE CRAWFORD (2) | § | |
| RIAN GRAHAM (4) | § | |
| TROI GRAHAM (5) | § | |
| KELLEE SIMS (6) | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Brooke Crawford's ("Crawford") Motion for Continuance of Final Pretrial Conference, Jury Trial, and Remaining Pretrial Deadlines (#403) and Corrected Opposed Motion for Continuance of Final Pretrial Conference, Jury Trial, and Remaining Pretrial Deadlines (#405), both of which are joined by codefendants Rian Graham ("R. Graham), Troi Graham ("T. Graham"), and Kellee Sims ("Sims"). The Government filed a response (#453). Crawford filed a reply (#470). Having considered the motion, the Government's response, the reply, the record, and applicable law, the court is of the opinion that the Motion for Continuance (#403) should be denied as moot and the Corrected Motion for Continuance (#405) should be denied.

I. <u>Background</u>

On June 4, 2025, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned an Indictment naming Crawford, R. Graham, T. Graham, and two other codefendants. The court granted the Government's first Agreed Motion for Continuance on September 17, 2025, which Crawford and R. Graham joined, and reset trial for the four codefendants for March 16, 2026 (#72). On February 5, 2026, a First Superseding Indictment (#110) was issued that added

three codefendants, including Sims. On September 2, 2026, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a Second Superseding Indictment (#225), which substantially limited the charges against all eight codefendants to a single count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. The court later granted two more continuances (## 147, 206), resetting trial for July 13, 2026, and September 8, 2026, respectively.

On August 19, 2026, the court granted another continuance and reset trial for October 5, 2026 (#219). On September 11, 2026, the court severed Riley Graham ("Graham") for trial (#255). Also on September 11, 2026, the court granted Crawford's Unopposed Second Motion for Continuance and reset trial for the remaining seven codefendants for November 12, 2026 (#253). The Government filed an Amended Notice of Penalty (#277) and Bill of Particulars (#278) on September 25, 2026. Graham's trial began on October 7, 2026, and ended on October 15, 2026. Codefendant Mark Day entered a plea of guilty on October 9, 2026. Defendants filed motions for continuance (## 318, 328) on October 16, 2026, and October 19, 2026, respectively, wherein Defendants note the "need" for Graham's trial transcripts. The court held a telephone conference with the Government and counsel for remaining Defendants, informing Defendants that Graham's trial transcripts would be ready on November 12, 2026. The court granted in part Defendants' motions for continuance (## 318, 328) and reset the case for the current trial date of November 30, 2026 (#340). Codefendants Sylvia Shann and Raysean Graham entered pleas of guilty on October 26, 2026, and November 13, 2026, respectively. Currently, the defendants remaining to be tried are Crawford, R. Graham, T. Graham, and Sims (collectively "Defendants").

On November 15, 2026, Crawford filed the pending Motion for Continuance of Final Pretrial Conference, Jury Trial, and Remaining Pretrial Deadlines (#403) and Corrected Opposed Motion for Continuance of Final Pretrial Conference, Jury Trial, and Remaining Pretrial Deadlines (#405), both of which are joined by her remaining codefendants R. Graham, T. Graham, and Sims. The Government filed a Response to Motion for Continuance of Final Pretrial Conference, Jury Trial, and Remaining Pretrial Deadlines (#453) on November 17, 2026. On November 18, 2026, Crawford filed a Reply in Support of Corrected Opposed Motion for Continuance (#470). Jury Selection and Trial are currently scheduled to begin on November 30, 2026.

II. Analysis

"A district court has broad discretion in deciding whether to grant a request for a continuance." *United States v. Piper*, 912 F.3d 847, 858 (5th Cir. 2019); *accord United States v. Boukamp*, 105 F.4th 717, 745 (5th Cir.) (quoting *United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009)), *cert. denied*, 145 S. Ct. 595 (2024); *United States v. Mesquiti*, 854 F.3d 267, 275 (5th Cir. 2017). Indeed, the United States Court of Appeals for the Fifth Circuit has upheld the denial of a defendant's motion to continue trial if it was "neither arbitrary nor unreasonable." *United States v. Hughey*, 147 F.3d 423, 431 (5th Cir. 1998); *see Piper*, 912 F.3d at 858 (holding that a trial court's ruling on a request for a continuance is reviewed only for an abuse of discretion "resulting in serious prejudice"). In considering a motion for continuance, the court looks to: (1) the timeliness of the motion; and (2) whether good cause is shown. *See* FED. R. CRIM. P. 12(c)(3). A district court acts within its discretion when it denies a defendant's request for a continuance unless the defendant establishes that a "specific and compelling or serious prejudice"

will result in the absence of a continuance. *Mesquiti*, 854 F.3d at 275; *see Piper*, 912 F.3d at 858; *Stalnaker*, 571 F.3d at 439 (affirming the trial court's denial of a motion to continue despite a case being a "complex, massive" and "document intense" case that "required numerous hours of preparation, review, and research" when the court showed "reasonableness and flexibility by adjusting the motions deadline" and there was no resulting serious prejudice); *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007) (finding no abuse of discretion in denying a motion to continue when counsel was given only ten days to prepare for a trial that involved "ten defendants, even more witnesses, and voluminous discovery" because there was "no evidence that [the defendant] was seriously prejudiced"); *German*, 486 F.3d at 854.

The Fifth Circuit has explained:

> Whether a party complaining of inadequate preparation time was properly denied a continuance depends on (1) the amount of preparation time available, (2) whether the defendant took advantage of the time available, (3) the likelihood of prejudice from a denial, (4) the availability of discovery from the prosecution, and (5) the complexity of the case.

*United States v. Scott*, 48 F.3d 1389, 1393 (5th Cir. 1995); *see United States v. Diaz*, 941 F.3d 729, 740 (5th Cir. 2019); *United States v. Akins*, 746 F.3d 590, 608-09 (5th Cir. 2014) (quoting *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007). In considering these factors, there is no mechanical test, but the court must consider all of the facts and circumstances presented in the Defendant's motion. *See Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

Here, Defendants have had ample opportunity to prepare their defenses. *See United States v. Messervey*, 317 F.3d 457, 462 (5th Cir. 2002) (holding that the district court did not abuse its discretion in denying a fifth continuance when appellant had obtained continuances totaling over a year from the original trial date, giving his attorneys more than adequate time to prepare a

defense). Moreover, Defendants would not be severely prejudiced by the denial of the motion to continue. Defendants indicate that the guilty pleas of former codefendants, the last occurring on November 13, 2026, created potential cooperating witnesses and, thus, justify their request for additional time to prepare. The possibility of codefendants pleading guilty before and even during trial, however, is an anticipated likelihood of multi-defendant cases. *See United States v. Ahmed*, 794 F. App'x 362, 362 (5th Cir. 2019) (noting that prior to defendant's trial, all his codefendants entered pleas of guilty); *United States v. Little*, No. CR 11-189-01, 2018 WL 1884816, at *1 (W.D. La. Apr. 18, 2018) (explaining that defendant proceeded to trial alone while all codefendants entered pleas of guilty); *Salas-Leyva v. United States*, No. 4:10CR140(8), 2017 WL 8229543, at *1 (E.D. Tex. June 22, 2017) (addressing that several of the eleven codefendants entered guilty pleas prior to trial), *adopted by* No. 4:10CR140(8), 2018 WL 1335203 (E.D. Tex. Mar. 14, 2018); *United States v. Burton*, 226 F.3d 643, at *1 n.2 (5th Cir. 2000) (explaining that codefendants all pled guilty either before or during the trial). Crawford's motion also contends that the court's rulings on the pending motions to dismiss Count One of the Second Superseding Indictment as duplicitous will "define the agreement or agreements the jury will be asked to consider," thereby impacting pretrial motions. Despite the Second Superseding Indictment being returned on September 2, 2026, Defendants chose not to file their motions to dismiss until November.

Further, Crawford requested the transcripts of Graham's trial but cites no authority establishing that she was entitled to such transcripts in advance of her trial setting. The court informed Crawford at the time of her request that the transcripts would not be prepared until November 12, 2026. Additionally, the court granted a continuance of the November 12, 2026,

trial setting until November 30, 2026, giving Defendants additional time to review the trial transcripts (#340). Defendants, therefore, already had adequate time to prepare for trial in a case that was first indicted almost a year and a half ago as well as over two weeks to review the trial transcripts of a prior related case. Yet, Crawford now complains of insufficient time to review the records that she requested, with knowledge of the limited turnaround time.

The pretrial materials deadline was November 16, 2026. Crawford has filed her witness list and exhibit list. Consistent with the court's Pretrial Order, the Government also filed its pretrial materials by the deadline. Defendants are not entitled to a continuance in order to object to or prepare against the Government's pretrial materials, which are anticipated and standard filings. Additionally, to the extent Crawford complains of the Government's second expert witness notice, the court will consider Crawford's Objections to the Government's Second Expert Witness Notice and Opposed Motion to Exclude or Limit Expert and Summary Testimony (#466) separately. Under the circumstances, the court declines to continue the trial at this juncture in a case that has already been pending for over seventeen months. The court has previously granted several continuances in this wire fraud case and further rescheduling would interfere with other scheduled trials, some of which involve charges of murder, aggravated assault, and other crimes of violence. *See United States v. Sarabia*, No. 20-50438, 2021 WL 3775210, at *2 (5th Cir. Aug. 25, 2021) (recognizing that a district court has a "'validly protected' 'interest in maintaining its docket and keeping cases on schedule'" (citing *United States v. Pollani*, 146 F.3d 269, 272 (5th Cir. 1998))). In sum, the facts and circumstances presented in Crawford's motion do not support Defendants' contention that a continuance is necessary in order to provide them adequate time to

prepare for trial. Accordingly, denying the pending motion for continuance will not result in serious or compelling prejudice to Defendants.

III. Conclusion

In accordance with the foregoing, Crawford's Corrected Motion for Continuance (#405) is DENIED. Her Motion for Continuance (#403) is DENIED as moot.

SIGNED at Beaumont, Texas, this 20th day of November, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE